**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 13 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-30040 |
| Plaintiff-Appellee, | D.C. No. 1:20-cr-00042-BLW-1 |
| v. | |
| JOHNY QUINONEZ-BELTRAN, AKA Johny Beltran, AKA Jesus Calderon Lopez, AKA Johnhy Beltran Quinonez, AKA Johny Quinonez, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, District Judge, Presiding

Submitted October 12, 2021**

Before:     TALLMAN, RAWLINSON, and BUMATAY, Circuit Judges.

Johny Quinonez-Beltran appeals from the district court's judgment and

challenges the sentence of 12 months and 1 day imposed following his guilty-plea

conviction for distribution of cocaine and possession with the intent to distribute

---

*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

cocaine, in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Quinonez-Beltran contends that the district court erred by denying his request for a minor-role adjustment under U.S.S.G. § 3B1.2. We review the district court's interpretation of the Guidelines de novo, its factual findings for clear error, and its application of the Guidelines to the facts for abuse of discretion. *See United States v. Diaz*, 884 F.3d 911, 914 (9th Cir. 2018). Contrary to Quinonez-Beltran's claim, the court did not conclude that he was precluded from receiving the adjustment because his role was essential to the drug transactions. Rather, the court reasoned that although street-level dealers may receive the adjustment under some circumstances, those circumstances did not exist in this case. As the court concluded, Quinonez-Beltran was not "substantially less culpable than the average participant" because he fostered relationships with customers, negotiated pricing, delivered drugs, and received proceeds. *See id*. at 916-17. The court properly compared Quinonez-Beltran to his alleged supplier and applied the factors listed in the commentary to the minor-role Guideline. *See* U.S.S.G. § 3B1.2 cmt. n.3(A), (C); *Diaz*, 884 F.3d at 916-17. The court did not clearly err in any of its factual findings, nor did it abuse its discretion by denying the adjustment. *See* U.S.S.G. § 3B1.2 cmt. n.3(C); *Diaz*, 884 F.3d at 914.

**AFFIRMED.**

21-30040